UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW ALLEN JORDAN,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 11-CR-20141
CIVIL CASE NO. 12-CV-15468

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 33)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Matthew Jordan ("Jordan"). The Court has not ordered the government to respond because it finds, for the reasons explained below, that Jordan's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Jordan was charged in a two-count information with manufacturing child pornography in violation of 18 U.S.C. § 2251 and forfeiture under 18 U.S.C. § 2253. (Doc. 13.)

On August 23, 2011, Jordan pleaded guilty to the first count of the information pursuant to a Rule 11 plea agreement filed previously. (Doc. 24.) After considering the 18 U.S.C. § 3553 factors, the Court sentenced Jordan to a term of imprisonment of 400 months, which was within the applicable guideline range of 324 to 405 months. On December 6, 2011, judgment was entered and Jordan was committed to the Bureau of Prisons. (Doc. 31.)

Jordan did not appeal his conviction or sentence. (Doc. 33 at 1.) Jordan filed the instant motion to vacate his sentence on December 13, 2012. (Doc. 33.) In the motion, he contends that his "sentence of 400 months violates the Sixth Amendment since his attorney rendered ineffective assistance." (Doc. 33 at 3-8.) Jordan specifically refers to his counsel's failure to investigate whether his "prior conviction in Tennessee for sexual abuse involving a minor [] should trigger the statutory enhancement" (Doc. 33 at 4-6), and that counsel failed to "mount a meaningful challenge to the PSR for the stat[ut]ory prior conviction enhancement[.]" (Doc. 33 at 6-7.)

**C.     Analysis and Conclusions**

**1.     Waiver**

I suggest that Jordan waived his right to challenge the instant sentence. The appellate waiver in Jordan's Rule 11 plea agreement states as follows:

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his/her conviction on any grounds . . . . Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or

> sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 24 at 8-9.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422. Nevertheless, "[e]nforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate waiver will be enforced. *Id.*

Here, Jordan does not argue that his plea was not knowing and voluntary and the record reveals that it was both knowing and voluntary. The court properly questioned Jordan regarding his understanding of the rights given up by pleading guilty and his ability to knowingly enter a

3

plea, as well as assuring the voluntariness of his decision, and also asked the government to expressly state the terms of the Rule 11 plea agreement, including the agreed-upon sentencing guideline range of 324 to 405 months and the appellate waiver. (Doc. 28 at 7-14.) The court also specifically questioned Jordan regarding the appellate waiver, stating:

> Some other aspects of this agreement that I also need to make sure you fully understand, and the first has to do with an appeal.
>
> People in our system routinely presume that if a court does something they don't agree with, they can appeal it, but what this Rule 11 agreement tells me is that if you are sentenced within the range that's listed in this agreement, you will not be able to successfully appeal what happens to you, ever. Do you understand that?

(Doc. 28 at 15.) Jordan responded, "Yes, sir." (*Id.*) The court further explained:

> You will not be able to successfully appeal immediately after the sentence is made or later on in what's called a collateral attack or a habeas corpus action or a motion to vacate the sentence. None of those will be successful because of this agreement – because of what you've agreed to in this agreement relating to an appeal. Do you understand that?

(Doc. 28 at 15.) Jordan responded, "Yes, sir." (*Id.*) When Jordan was again questioned regarding voluntariness, he provided a factual basis for the plea and all parties agreed that Rule 11 had been complied with. (Doc. 28 at 16-25.) The court again inquired whether Jordan understood the plea he was making; Jordan indicated that he did and the court accepted his guilty plea. (Doc. 28 at 25.)

I therefore suggest that since the plea was knowing and voluntary, the appellate waiver, which included a waiver of collateral attacks such as the instant § 2255 motion to vacate, should be enforced. I therefore suggest that the motion to vacate be denied.

### 2. Assistance of Counsel

Alternatively, I suggest that counsel was not ineffective for failing to challenge the criminal history enhancement based on Jordan's 1987 conviction in Tennessee for assault with intent to commit rape of his eight year-old son. (Doc. 24 at 13; Doc. 28 at 17-18.)

I first suggest that these assertions are different from asserting that the plea "was the product of ineffective assistance of counsel" such that the court should inquire into the effectiveness of counsel before enforcing the appellate waiver. *Acosta*, 480 F.3d at 422. I further suggest that these assertions of ineffectiveness relate to post-plea sentencing issues where any ineffectiveness could not effect the validity of the plea and its attendant appellate waiver. *See United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) & No. 09-7091 (civ), 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010) (relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement."). I therefore suggest that Jordan has not asserted any claim of ineffective assistance of counsel that would entitle him to avoid the knowing and voluntary appellate waiver discussed above.

#### a. Standards

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688.

"Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**b.   Application**

I suggest that there is no merit to Jordan's challenge regarding his criminal history calculation based on the 1987 conviction that rendered him a repeat and dangerous sex offender. Jordan mistakenly argues that he was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. 33 at 5.) However, Jordan's criminal history enhancement was not based on the ACCA, but rather was properly based on his being a dangerous sex offender under U.S.S.G. § 4B1.5. *See United States v. Bowling*, 427 F. App'x 461 (6th Cir. 2011). I therefore suggest that there is no merit to Jordan's argument regarding his criminal history calculation or that counsel was ineffective for failing to object to the calculation.

I further note that Jordan did not show any disagreement with the enhancement at the plea taking or sentencing and that he indicated he was more than satisfied with his counsel's performance. (Doc. 24; Doc. 28 at 11; Doc. 32 at 6-7 (when asked whether he was satisfied that the presentence investigation report, which contained the criminal history calculation based on the 1987 conviction rendering him a repeat and dangerous sex offender, was accurate and complete, Jordan indicated that he was satisfied as to its accuracy); Doc. 32 at 13 (when asked whether he wanted to speak on his own behalf, Jordan stated, "I feel like she [counsel] did such a great job of presenting what she presented that I don't know that there is much I can add to it."). Furthermore, rather than indicating any dispute with the potential sentence, Jordan stated, "I think that my

7

behavior is worthy of a very severe sentence. I hope that just because of the grace of the Court that you will temper that with a measure of mercy." (Doc. 32 at 13.)

Since Jordan has not averred sufficient allegations that counsel was deficient or that the result of the proceeding is unreliable, *see Strickland, supra*, I suggest that Jordan's motion to vacate should be dismissed.

### 3. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Jordan has not alleged any grounds for relief, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Jordan is not entitled to a hearing on the allegations raised in his motion.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                    s/ Charles E. Binder
                    CHARLES E. BINDER
Dated: January 8, 2013                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Matthew Jordan #45242-039, Marion U.S. Penitentiary, P.O. Box 1000, Marion, IL 62959.

Date:  January 8, 2013                By    s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder